UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T-REX PROPERTY AB,<br><br>  Plaintiff,<br>v.<br><br>TOTAL OUTDOOR CORP.,<br><br>  Defendant. | Case No. 1:15-cv-08197<br><br>Hon. Matthew F. Kennelly<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS**

TOTAL OUTDOOR CORP. ("Defendant"), by and through its undersigned counsel, hereby answers the Complaint in the above-captioned matter as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

**ANSWER:** Defendant admits that T-Rex's Complaint purports to state an action that arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq.,* but denies any wrongdoing or liability on its behalf for the reasons stated herein.

### PARTIES

2. Plaintiff T-Rex Property AB is a company organized and existing under the laws of Sweden with its principal place of business at Vårvägen 6, 18274 Stocksund, Sweden.

**ANSWER:** Defendant does not have sufficient knowledge or information as to the truth of the allegation set forth in Paragraph 2 of the Complaint and on that basis that allegation is denied.

3. On information and belief, Defendant Total Outdoor Corp. is a Delaware corporation with a corporate office located at 444 North Wells Street Suite 305, Chicago, IL 60654 and with C T Corporation System, 208 South LaSalle Street, Suite 814 Chicago, IL 60604 as its registered agent.

**ANSWER:** Defendant admits the allegations of Paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Defendant admits the allegations of Paragraph 4 of the Complaint.

5. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has systematic and continuous contacts with Illinois and this judicial district, because Defendant has a corporate and sales office in the State of Illinois and has thereby purposefully availed itself of the benefits and protections of the laws of the State of Illinois, and because Defendant regularly transacts business in the State of Illinois and this judicial district. Furthermore, this Court has personal jurisdiction over Defendant because, as described further below, Defendant has committed acts of patent infringement giving rise to this action within the State of Illinois and this judicial district and has established minimum contacts such that the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

**ANSWER:** Defendant admits, for purposes of this action, that the Court has personal jurisdiction over Defendant. Defendant denies that it has committed any acts of infringement within this district or elsewhere. Except as so expressly admitted herein, Defendant denies the allegations in Paragraph 5 of the Complaint.

1

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** Defendant admits, for the purposes of this action, that venue is proper as to Defendant in this judicial district.

## THE PATENTS-IN-SUIT

7. The allegations set forth in the foregoing paragraphs 1 through 6 are hereby realleged and incorporated herein by reference.

**ANSWER:** Defendant hereby restates and incorporates by reference its responses set forth in paragraphs 1-6 of this Answer.

8. On January 16, 2007, U.S. Patent Number RE39,470, entitled "Digital Information System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '470 Patent is attached as Exhibit A to this Complaint

**ANSWER:** Defendant admits that United States Patent No. RE39,470 ("the '470 Patent") entitled "Digital Information System" states on its face that it issued on January 16, 2007. Defendant admits that a copy of the '470 Patent was attached to T-Rex's Complaint as Exhibit A. Except as so expressly admitted herein, Defendant denies the allegations in Paragraph 8 of the Complaint.

9. The innovations described by the '470 Patent "relate[] to a method and apparatus for controlling and coordinating" electronic displays "in a digital information system for displaying information on at least one display device . . . said information being displayed in places that are accessible to and frequented by a general public." ('470 Patent at 1:15-21; 6:25-29.) "An object of the present invention is to provide a flexible system in which external information mediators are able to dynamically control in real time the transmission of display instructions to a larger public in different places" "and to enable similar or specific information to be displayed in places that are mutually far apart." (*Id*. at 2:39-42; 2:52-54.)

**ANSWER:** Defendant states that the '470 Patent speaks for itself. Except as so expressly admitted herein, Defendant denies the allegations in Paragraph 9 of the Complaint.

10. A system operating according to an embodiment of the '470 Patent can include a control center with a communication interface that connects devices to create and update a display list in real time using control instruction fields sent from external mediators and to transmit and display the desired images to one or more electronic displays that can be controlled independently of other electronic displays. (*Id*. at 3:4-19; 4:42-45.) In embodiments, the control center can include one or more servers, workstations, and databases stored on one or more physical storage devices, and can include redundancy, of both computer hardware and the information stored, where the devices can be connected using a network, such as a LAN (Local Area Network) or by using a cable-carried ISDN solution (Integrated Services Digital Network) or other fixed lines that have a similar capacity. (*Id*. at 4:57-5:16; 5:59-67; 6:41-59; 12:55-13:7.)

**ANSWER:** Defendant states that the '470 Patent speaks for itself. Except as so expressly admitted herein, Defendant denies the allegations in Paragraph 10 of the Complaint.

11. In one embodiment of the invention, personnel operating a work station can enter information to be displayed from an external mediator via projector control instructions in the exposure

2

list created by the server. (*Id*. at 8:10-26.) Operators are able to interrupt a queue in the server in order to update the exposure list with information generated centrally from the control center or with information from an external information mediator. (*Id*.)

>**ANSWER:** Defendant states that the '470 Patent speaks for itself. Except as so expressly admitted herein, Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Information mediators can use an exposure program to deliver complete images (*e.g.* an image, a series of images or a video clip) for display which would not require processing by the control center, these can be dynamically added to the exposure list by the exposure handler. (*Id*. at 11:19-28.) External information mediators can thus deliver a complete image for display (an image, a series of images or a video clip) which can be processed automatically and inserted into the exposure list, or an administer can select information from an external mediator and process the information so that it can be inserted into the exposure list via the exposure handler. (*Id*. at 8:27-41.)

>**ANSWER:** Defendant states that the '470 Patent speaks for itself. Except as so expressly admitted herein, Defendant denies the allegations in Paragraph 12 of the Complaint.

13. On June 3, 2008, U.S. Patent Number 7,382,334, entitled "Digital Information System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '334 Patent is attached as Exhibit B to this Complaint.

>**ANSWER:** Defendant admits that United States Patent No. 7,382,334 ("the '334 Patent") entitled "Digital Information System" states on its face that it issued on June 3, 2008. Defendant admits that a copy of the '334 Patent was attached to T-Rex's Complaint as Exhibit B. Except as so expressly admitted herein, Defendant denies the allegations in Paragraph 13 of the Complaint.

14. The innovations described by the '334 Patent relate to methods and arrangements "for controlling and coordinating" digital display devices "in a digital information system for displaying information on at least one display device" "wherein the information is displayed in places that are accessible to and frequented by a general public." ('334 Patent at Abstract; 1:13-24; 5:20-32.) The present invention is able "to provide a flexible system in which external information mediators are able to dynamically control in real time the transmission of display instructions to a larger public in different places" "and to enable similar or specific information to be displayed in places that are mutually far apart." (*Id*. at 2:56-60; 3:5-11.)

>**ANSWER:** Defendant states that the '334 Patent speaks for itself. Except as so expressly admitted herein, Defendant denies the allegations in Paragraph 14 of the Complaint.

15. A system operating according to an embodiment of the '334 Patent can include a control center with a communication interface that connects devices to create and update a display list in real time using control instruction fields sent from external mediators and to transmit and display the desired images to one or more electronic displays that can be controlled independently of other electronic displays. (*Id*. at 3:38-60; 5:29-30.) In embodiments, the control center can include one or more servers, workstations, and databases stored on one or more physical storage devices, and can include redundancy, of both computer hardware and the information stored, where the devices can be connected using a network, such as a LAN (Local Area Network) or by using a cable-carried ISDN solution (Integrated Services Digital Network) or other fixed lines that have a similar capacity. (*Id*. at 6:17-45; 7:17-29; 11:60-67.) In some embodiments, a relational database can be used to store image and video data and each electronic display can be assigned a unique TCP/IP (Transmission Control Protocol/Internet Protocol) address such that each display can be individually addressed and sent content

for display. (*Id*. at 14:50-15:8).

**ANSWER:** Defendant states that the '334 Patent speaks for itself. Except as so expressly admitted herein, Defendant denies the allegations in Paragraph 15 of the Complaint.

16. In one embodiment of the invention, personnel operating a work station can enter information to be displayed from an external mediator via projector control instructions in the exposure list created by the server. (*Id*. at 9:45-61.) Operators are able to interrupt a queue in the server in order to update the exposure list with information generated centrally from the control center or with information from an external information mediator. (*Id*.)

**ANSWER:** Defendant states that the '334 Patent speaks for itself. Except as so expressly admitted herein, Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Information mediators can use an exposure program to deliver complete images (*e.g*. an image, a series of images or a video clip) for display which would not require processing by the control center, these can be dynamically added to the exposure list by the exposure handler. (*Id*. at 12:12-22.) External information mediators can thus deliver a complete image for display (an image, a series of images or a video clip) which can be processed automatically and inserted into the exposure list, or an administer can select information from an external mediator and process the information so that it can be inserted into the exposure list via the exposure handler. (*Id*. at 9:62-10:9.)

**ANSWER:** Defendant states that the '334 Patent speaks for itself. Except as so expressly admitted herein, Defendant denies the allegations in Paragraph 17 of the Complaint.

18. T-Rex is the assignee and owner of the right, title and interest in and to the '470 and '334 Patents (henceforth collectively the "patents-in-suit"), including the right to assert all causes of action arising under the patents-in-suit and the right to any remedies for infringement.

**ANSWER:** Defendant does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 18 of the Complaint and on that basis those allegations are denied.

**COUNT I- INFRINGEMENT OF U.S. PATENT NO. RE39,470**

19. The allegations set forth in the foregoing paragraphs 1 through 18 are hereby realleged and incorporated herein by reference.

**ANSWER:** Defendant hereby restates and incorporates by reference its responses set forth in paragraphs 1-18 of this Answer.

20. Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '470 Patent by making, using, offering for sale, selling, or importing devices or systems, in this judicial district and elsewhere in the United States (directly or through intermediaries), that perform the steps of receiving control instructions from at least one external information mediator, using the control instructions to generate an exposure list that specifies three or more of the following items: i) what information content is to be displayed; ii) at which of a plurality of locations the information content is to be displayed; iii) when the information content is to be displayed for each location at which content is to be displayed; and iv) how long the information content is to be displayed for each location at which content is to be displayed, displaying images at one or more of the locations in accordance with the exposure list, and permitting the exposure list to be dynamically updated as claimed in at least claims 25 and 26 of the '470 Patent, without the authority of T-Rex.

4

**ANSWER:** Defendant denies the allegations in Paragraph 20 of the Complaint.

21. More specifically, the infringing devices and systems include Defendant's digital billboards and digital billboard software. On information and belief, Defendant's digital billboards and digital billboard software are provided by YESCO Electronics LLC.

**ANSWER:** Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant has had knowledge of the '470 Patent since at least the commencement of this action.

**ANSWER:** Defendant admits the allegations in Paragraph 22 of the Complaint.

23. Upon information and belief, Defendant has directly infringed and continues to directly infringe one or more claims of the '470 Patent, including at least claims 25 and 26, by operating digital billboards in Illinois.

**ANSWER:** Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Because of Defendant's infringing activities, T-Rex has suffered damages and will continue to suffer damages in the future. T-Rex is entitled to recover from Defendant the damages sustained by T-Rex as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ANSWER:** Defendant denies the allegations in Paragraph 24 of the Complaint.

## COUNT II-INFRINGEMENT OF U.S. PATENT NO. 7,382,334

25. The allegations set forth in the foregoing paragraphs 1 through 24 are hereby realleged and incorporated herein by reference.

**ANSWER:** Defendant hereby restates and incorporates by reference its responses set forth in paragraphs 1-24 of this Answer.

26. Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '334 Patent by making, using, offering for sale, selling, or importing devices or systems, in this judicial district and elsewhere in the United States (directly or through intermediaries), that perform the steps of generating an exposure list comprising control instructions for coordinating and controlling electronic displays with regard to what shall be exposed, when it shall be exposed, where it shall be exposed and for how long it shall be exposed, using a control center for coordinating and controlling electronic displays, where the control center is able to create and update the exposure list in real time, with control instruction fields via dynamic booking of information, in time for exposure, from mediators, and where the exposure list enables each electronic display to be controlled, independently of other electronic displays, to receive the same or different information in accordance with the exposure list for the exposure of respective electronic display as claimed in at least claims 22 and 32 of the '334 Patent, without the authority of T-Rex.

**ANSWER:** Defendant denies the allegations in Paragraph 26 of the Complaint.

27. More specifically, the infringing devices and systems include Defendant's digital billboards and digital billboard software. On information and belief, Defendant's digital billboards and digital billboard software are provided by YESCO Electronics LLC.

5

**ANSWER:** Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant has had knowledge of the '334 Patent since at least the commencement of this action.

**ANSWER:** Defendant admits the allegations in Paragraph 28 of the Complaint.

29. Upon information and belief, Defendant has directly infringed and continues to directly infringe one or more claims of the '334 Patent, including at least claims 22 and 32, by operating digital billboards in Illinois.

**ANSWER:** Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Because of Defendant's infringing activities, T-Rex has suffered damages and will continue to suffer damages in the future. T-Rex is entitled to recover from Defendant the damages sustained by T-Rex as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ANSWER:** Defendant denies the allegations in Paragraph 30 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that T-Rex is entitled to any of the relief sought in its prayer for relief. T-Rex's prayer should, therefore, be denied in its entirety and with prejudice, and T-Rex should take nothing.

## DEFENSES

Defendant asserts the following defenses and reserves the right to assert additional defenses as they become known through the course of discovery:

### FIRST DEFENSE - FAILURE TO STATE A CLAIM

1. T-Rex's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE - NON-INFRINGEMENT

2. Defendant does not and has not infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the '470 or '334 Patents, willfully or otherwise.

### THIRD DEFENSE-INVALIDITY

3. Upon information and belief, the claims of the '470 and '334 Patents are invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112.

### FOURTH DEFENSE- LIMITATIONS ON RECOVERY

4. T-Rex is barred in whole or in part from recovering any damages for any alleged

infringement of the '470 and '334 Patents pursuant to 35 U.S.C. §§ 286 and/or 287.

### FIFTH DEFENSE - BARRING OF CLAIMS FOR INJUNCTIVE RELIEF

5. T-Rex is not entitled to injunctive relief against Defendant because any alleged injury is neither immediate nor irreparable and T-Rex has an adequate remedy at law.

### SIXTH DEFENSE - LICENSE AND/OR EXHAUSTION

6. To the extent that T-Rex's accusations of infringement relate to products or services that were provided by or for any licensee of the '470 and '334 Patents or under a covenant not to sue, T-Rex's claims are barred.

### SEVENTH DEFENSE - PROSECUTION HISTORY ESTOPPEL

7. By reason of proceedings in the United States Patent and Trademark Office during prosecution of the '470 and '334 Patents, and specifically statements, arguments, amendments, assertions, and/or representations made by or on behalf of the applicants for the '470 and '334 Patents; and/or by reason of prior statements, assertions, and/or representation made by or on behalf of alleged predecessors-in-interest to the '470 and '334 Patents, T-Rex is estopped to construe the claims of the '470 and '334 Patents in any way to cover any product, method, or service of Defendant under the Doctrine of Equivalents.

### EIGHTH DEFENSE - INTERVENING RIGHTS

8. Defendant is entitled to intervening rights to the '470 Patent pursuant to 35 U.S.C. § 252.

### NINTH DEFENSE - EQUITABLE ESTOPPEL AND LACHES

9. T-Rex's claims are barred in whole or in part under the doctrines of equitable estoppel and laches.

### COUNTERCLAIMS

Counterclaim-Plaintiff/Defendant Total Outdoor Corp. counterclaims against Counterclaim-Defendant T-Rex Property AB ("T-Rex") as follows:

### THE PARTIES

1. Total Outdoor Corp. is a Delaware corporation with a corporate office located at 444 North Wells Street Suite 305, Chicago, IL 60654

7

2.     T-Rex alleges that it is a company organized and existing under the laws of Sweden with its principal place of business at Vårvägen 6, 18274 Stocksund, Sweden.

**JURISDICTION AND VENUE**

3.     These counterclaims arise under Title 35 of the United States Code. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4.     T-Rex is subject to personal jurisdiction in this district arising out its purposeful acts and/or transactions directed toward this district, including without limitation T-Rex's bringing of this lawsuit in this district.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391.

**FIRST COUNTERCLAIM- DECLARATORY JUDGMENT**
**U.S. Patent No. RE39,470**

10.    Defendant counterclaims against T-Rex pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

11.    T-Rex claims to be the owner of the '470 patent, entitled "Digital Information System," that issued on January 16, 2007.

**A.     Declaration of Non-infringement**

12.    Defendant realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-11 above as if fully set forth herein.

13.    An actual and justiciable controversy exists between Defendant and T-Rex with respect to the '470 patent because T-Rex has brought an action against Defendant alleging that Defendant infringes the '470 patent by operating digital billboards in patented manner, which allegation Defendant denies. Absent a declaration of noninfringement, T-Rex will continue to wrongfully assert the '470 patent against Defendant, and thereby cause Defendant irreparable injury and damage.

14.    Defendant has not infringed the '470 patent, either literally or under the doctrine of equivalents, and is entitled to a declaration to that effect.

15.    This is an exceptional case entitling Defendant to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B. Declaration of Invalidity

16. Defendant realleges and incorporates by reference allegations set forth in Paragraphs 1-15 above as if fully set forth herein.

17. An actual and justiciable controversy exists between Defendant and T-Rex with respect to the '470 patent because T-Rex has brought an action against Defendant alleging that Defendant infringes the '470 patent by operating digital billboards in a patented manner, which allegation Defendant denies. Absent a declaration of invalidity, T-Rex will continue to wrongfully assert the '470 patent against Defendant, and thereby cause Defendant irreparable injury and damage.

18. The '470 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Defendant is entitled to a declaration to that effect.

19. This is an exceptional case entitling Defendant to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## SECOND COUNTERCLAIM-DECLARATORY JUDGMENT
## U.S. Patent No. 7,382,334

20. Defendant counterclaims against T-Rex pursuant to the patent laws of the United States, Title 35 of the United States Code and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

21. T-Rex claims to be the owner of the '334 patent, entitled "Digital Information System," that issued on June 3, 2008.

### A. Declaration of Non-infringement

22. Defendant realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-21 above as if fully set forth herein.

23. An actual and justiciable controversy exists between Defendant and T-Rex with respect to the '334 patent because T-Rex has brought an action against Defendant alleging that Defendant infringes the '334 patent by operating digital billboards in a patented manner, which allegation Defendant denies. Absent a declaration of noninfringement, T-Rex will continue to wrongfully assert the '334 patent against Defendant, and thereby cause Defendant irreparable injury and damage.

24. Defendant has not infringed the '334 patent, either literally or under the doctrine of

9

equivalents, and is entitled to a declaration to that effect.

25. This is an exceptional case entitling Defendant to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B. Declaration of Invalidity

26. Defendant realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-25 above as if fully set forth herein.

27. An actual and justiciable controversy exists between Defendant and T-Rex with respect to the '334 patent because T-Rex has brought an action against Defendant alleging that Defendant infringes the '334 patent by operating digital billboards in a patented manner, which allegation Defendant denies. Absent a declaration of invalidity, T-Rex will continue to wrongfully assert the '334 patent against Defendant, and thereby cause Defendant irreparable injury and damage.

28. The '334 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103 and/or 112, and Defendant is entitled to a declaration to that effect.

29. This is an exceptional case entitling Defendant to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### DEMAND FOR JURY TRIAL

30. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a jury trial for all issues so triable.

### REQUEST FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows on T-Rex's Complaint and on Defendant's Answer and Counterclaims thereto:

A. That each and every claim of the '470 Patent and '334 Patent be declared not infringed and invalid and/or unenforceable;

B. That T-Rex take nothing by its Complaint and that T-Rex's Complaint be dismissed with prejudice;

C. That judgment be entered in favor of Defendant and against T-Rex on T-Rex's Complaint;

        D.       That pursuant to 35 U.S.C. § 285 and/or other applicable laws, T-Rex's conduct be found to render this an exceptional case and that Defendant be awarded its attorneys' fees incurred in connection with this action;

        E.       That Defendant be awarded its cost of suit incurred herein;

        F.       That Defendant be awarded such other and further relief as the court may deem just and proper.

Dated: November 2, 2015

/s/ Scott Kaspar
Scott Kaspar
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 2800
Chicago, IL 60654-5313
*skaspar@foley.com*
T:    (312) 832-4500
F:    (312) 832-4700

Victor de Gyarfas (pro hac vice application pending)
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
*vdegyarfas@foley.com*
T:    (213) 972-4500
F:    (213) 486-0065

*Attorneys for Defendant*
*Total Outdoor Corp.*

## CERTIFICATE OF SERVICE

      I, Scott Kaspar, an attorney, hereby certify that on November 2, 2015, I caused to be filed electronically a copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS** with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

                                /s/ Scott Kaspar
                                Scott Kaspar